UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

08 FEB 28 AM 9:25

| | |
|---|---|
| UNITED STATES OF AMERICA, | Magistrate Case No. '08 MJ 0588 |
| Plaintiff, | |
| v. | COMPLAINT FOR VIOLATION OF |
| Omar MENDOZA-Rivera, | Title 8, U.S.C., Section 1326 Attempted Entry After Deportation |
| Defendant. | |

The undersigned complainant being duly sworn states:

On or about **February 26, 2008**, within the Southern District of California, defendant **Omar MENDOZA-Rivera**, an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the **Otay Mesa Port of Entry**, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
Sara Esparagoza, United States Customs
and Border Protection Enforcement Officer

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE THIS **28th DAY OF February 2008.**

UNITED STATES MAGISTRATE JUDGE

**Probable Cause Statement**

On February 26, 2008 at approximately 8:10 PM, **Omar MENDOZA-Rivera (Defendant)** applied for admission into the United States at the Otay Mesa Port of Entry as the driver of a blue 2001 Ford Explorer. Accompanying Defendant was a female passenger. Defendant and female passenger both declared United States citizenship by virtue of birth in Los Angeles, California and presented California drivers licenses. The CBP Officer requested additional information for verification of citizenship. Defendant and passenger were unable to comply with the request and the CBP Officer subsequently elected to refer the vehicle and its occupants to secondary for further inspection.

In secondary, Defendant again claimed he was a citizen of the United States by virtue of birth in Los Angeles, California. The secondary CBP Officer conducted a routine query through one of the CBP computer systems which resulted in a match for a deported alien. Defendant was determined to be a citizen of Mexico without legal documents to enter, pass through, or reside on the United States.

Defendant's fingerprints were queried through the Integrated Automated Fingerprint Identification System (IAFIS), which verified Defendant's identity and immigration history. Immigration records, including the Central Index System (CIS) and the Deportable Alien Control System (DACS) identified Defendant as a citizen of Mexico. DACS revealed Defendant was ordered deported by an Immigration Judge on or about December 30, 2004 and was physically removed from the United States to Mexico on or about January 5, 2005. DACS records further indicate Defendant's was last physically removed from the United States to Mexico on or about February 25, 2008. Immigration records contain no evidence that Defendant has applied for or received permission from the United States Attorney General or the Secretary of the Department of Homeland Security to legally re-enter the United States.

During a videotaped proceeding, Defendant was advised of his Miranda rights and elected to submit to questioning without benefit to counsel. Defendant stated he was born in Guadalajara, Jalisco, Mexico. Defendant admitted he does not possess any legal documents to enter the U.S. Defendant admitted he had called Beatriz Avila and requested she travel to Tijuana, Mexico to pick him up. Defendant admitted he was to cross into the United States claiming United States citizenship. Defendant admitted he told both the primary and secondary CBP Officers that he had been born in Los Angeles, California. Defendant stated he was going to Los Angeles, California to resume residency with his family. Defendant admitted he has never applied for permission to apply for re-entry the United States.